IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NATIONAL OILWELL DHT, L.P.<br>    *Plaintiff*,<br>v.<br>FLOTEK INDUSTRIES, INC.<br>    *Defendant*. | CASE NO.  2:14-cv-01056-JRG-RSP<br><br>**JURY DEMANDED** |

## AMENDED COMPLAINT

For its complaint against Flotek Industries, Inc. ("Flotek"), plaintiff National Oilwell DHT, L.P, ("NOV") alleges:

### PARTIES

1. NOV is a Delaware limited partnership with its principal place of business in Houston, Texas.

2. Flotek is a Delaware corporation with a place of business at 2930 West Sam Houston Parkway North, #300, Houston, TX.

### NATURE OF ACTION, JURISDICTION AND VENUE

3. This is an action for patent infringement under the Patent Act, 35 U.S.C. § 1 *et seq*.

4. This Court has subject matter jurisdiction under 28 U.S.C. §1331 (Federal Question) and §1338 (Patents).

5. Venue is proper under 28 U.S.C. §§ 1391 and 1400 because, among other things, Flotek conducts business in this district, and has engaged in acts of infringement in this district.

## COUNT 1

### INFRINGEMENT OF U.S. Patent No. 6,508,317

6. NOV is the owner of U.S. Patent No. 6,508,317 issued January 21, 2003 ("the '317 Patent"), which was duly and legally issued. The '317 Patent is entitled "Downhole Apparatus and Method of Use." A true and correct copy of the '317 Patent is attached as Exhibit A.

7. Flotek has infringed and continues to infringe the '317 patent, both directly and indirectly. The infringing acts of Flotek include at least the manufacture, use, sale, lease and or offer for sale or lease of an infringing downhole flow pulsing apparatus, for example the Flotek STEMULATOR vibration tool.

8. Flotek has engaged in contributory infringement of the '317 Patent by offering products, such as the STEMULATOR vibration tool, that directly infringe claims in the '317 Patent and that have no substantial non-infringing uses.

9. Flotek has engaged in induced infringement of the '317 Patent by actively and intentionally inducing others to use products, such as the STEMULATOR vibration tool, that directly infringe claims in the '317 Patent. According to statements made by Flotek in the YouTube video posted at https://www.youtubXXe.com/watch?v=HHYLLZ4cRWc Flotek has induced unidentified third parties to use the infringing STEMULATOR "across multiple states in various plays around the country, from Mid-Continent and Rockies to the Northeast, down south to Texas, to the West Texas Permian." In the video, Flotek identified these third parties generically as "the largest operators in the industry" and specifically represented that the infringing product STEMULATOR has been used by third parties Chesapeake Energy; Devon; bhbbilliton; Hess; Anadarko; Newfield; Oxy and Petrohawk.

10. At the time of its actions of induced infringement, Flotek was aware of the '317 Patent and was aware that the acts it was inducing constituted infringement. The allegations in this

paragraph have evidentiary support and will likely have further evidentiary support after a reasonable opportunity for discovery.

11. Flotek has been aware of the '317 patent at least as early as February 7, 2013.

12. Flotek's acts of infringement have caused damage to Plaintiff and Plaintiff is entitled to recover the damages. Flotek's infringement of Plaintiff's rights under the '317 patent will continue to damage Plaintiff's business, causing irreparable harm, for which there is no adequate remedy at law, unless Flotek is enjoined by this Court.

## COUNT 2

### INFRINGEMENT OF U.S. Patent No. 6,431,294

13. NOV is the owner of U.S. Patent No. 6,431,294 issued August 13, 2002 ("the '294 Patent"), which was duly and legally issued. The '294 Patent is entitled "Percussive Tool." A true and correct copy of the '294 Patent is attached as Exhibit B.

14. Flotek has infringed and continues to infringe the '294 patent, both directly and indirectly. The infringing acts of Flotek include at least the manufacture, use, sale, lease and or offer for sale or lease of infringing downhole flow pulsing apparatus, for example the Flotek STEMULATOR vibration tool.

15. Flotek has engaged in contributory infringement of the '294 Patent by offering products, such as the STEMULATOR vibrator tool that directly infringe claims in the '317 Patent and that have no substantial non-infringing uses.

16. Flotek has engaged in induced infringement of the '294 Patent by actively and intentionally inducing others to use products, such as the STEMULATOR vibration tool, that directly infringe claims in the '294 Patent. According to statements made by Flotek in the YouTube video posted at https://www.youtubXXe.com/watch?v=HHYLLZ4cRWc Flotek has induced

unidentified third parties to use the infringing STEMULATOR "across multiple states in various plays around the country, from Mid-Continent and Rockies to the Northeast, down south to Texas, to the West Texas Permian." In the video, Flotek identified these third parties generically as "the largest operators in the industry" and specifically represented that the infringing product STEMULATOR has been used by third parties Chesapeake Energy; Devon; bhbbilliton; Hess; Anadarko; Newfield; Oxy and Petrohawk.

17. At the time of its actions of induced infringement, Flotek was aware of the '294 Patent and was aware that the acts it was inducing constituted infringement. The allegations in this paragraph have evidentiary support and will likely have further evidentiary support after a reasonable opportunity for discovery.

18. Flotek has been aware of the '294 patent at least as early as February 20, 2013.

19. Flotek's acts of infringement have caused damage to Plaintiff and Plaintiff is entitled to recover the damages. Flotek's infringement of Plaintiff's rights under the '294 patent will continue to damage Plaintiff's business, causing irreparable harm, for which there is no adequate remedy at law, unless Flotek is enjoined by this Court.

**PRAYER**

**WHEREFORE**, NOV requests the Court to:

1. Enter a judgment that one or more claims of United States Patent No. 6,508,317 have been infringed, either literally and/or under the doctrine of equivalents, by Flotek;

2. Enter a judgment that one or more claims of United States Patent No. 6,431,294 have been infringed, either literally and/or under the doctrine of equivalents, by Flotek;

3. Enter a preliminary and permanent injunction against continued patent infringement in such form as the Court deems just;

4.   Award NOV damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for use made of the invention, together with interest and costs as fixed by the Court;

5.   Declare this case to be exceptional under the patent laws and award NOV enhanced damages under 35 U.S.C. § 284; and attorney fees and costs under 35 U.S.C. § 285 or other applicable statute;

6.   Award NOV of prejudgment interest and costs of the action; and

7.   Grant NOV such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

NOV demands a trial by jury of all issues so triable.

March 4, 2015                                                                                              Respectfully submitted,

/s/ Robert J. McAughan, Jr.
Robert J. McAughan, Jr.
Attorney In Charge
TX State Bar No. 00786096
bmcaughan@smd-iplaw.com
Jeffrey A. Andrews
TX State Bar No. 24050227
jandrews@smd-iplaw.com
David L. Terrell
TX State Bar No. 24063030
dterrell@smd-iplaw.com
SUTTON MCAUGHAN DEAVER PLLC
Three Riverway, Suite 900
Houston, TX 77056
(713) 800-5700 (T)
(713) 800-5699 (F)

*Attorneys for Plaintiff*
**National Oilwell DHT, L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2015, a true and correct copy of the foregoing document has been served on all counsel of record via the Court's ECF system.

                                           /s/David L. Terrell