**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| NATIONAL OILWELL DHT, L.P.<br><br>    Plaintiff,<br><br>    v.<br><br>FLOTEK INDUSTRIES, INC.<br><br>    Defendant. | Case No. 2:14-cv-01056-JRG-RSP<br><br><br>JURY TRIAL DEMANDED |

**FLOTEK INDUSTRIES, INC.'S ANSWER TO NATIONAL OILWELL DHT, L.P.'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Flotek Industries, Inc. ("Flotek") answers the Amended Complaint of National Oilwell DHT, L.P.'s ("NOV") as follows:

**PARTIES**

1.   Flotek is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2.   Flotek admits that it is a Delaware corporation, but denies that it maintains a place of business at 2930 West Sam Houston Parkway North, #300, Houston, Texas. Flotek's principal place of business is currently located at 10603 W. Sam Houston Parkway N., Suite 300, Houston, Texas.

**NATURE OF ACTION, JURISDICTION AND VENUE**

3.   The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Flotek admits that paragraph 3 purports to assert a claim arising under the patent laws of the United States, Title 35 of the

2.

United States Code, Section 1 *et seq.* and in all other respects denies the allegations of paragraph 3.

4. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Flotek admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1338 and 1331. Except as expressly admitted, Flotek denies the remaining allegations of paragraph 4.

5. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Flotek denies that venue is proper in the Eastern District of Texas, and denies that this judicial district is the most convenient forum for the parties and witnesses or in the interests of justice. By filing this answer, Flotek does not waive any argument that venue is not proper in this District as to Flotek. Flotek denies that it has committed any act of infringement. Flotek denies the remaining allegations of paragraph 5.

## COUNT 1

## **INFRINGEMENT OF U.S. PATENT NO. 6,508,317**

6. Flotek admits that, on its face, U.S. Patent No. 6,508,317 ("the '317 patent") is titled "Downhole Apparatus and Method of Use" and that, on its face, the '317 patent states that it was issued on January 21, 2003. Flotek is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6, and therefore denies them.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Flotek admits that NOV identified the '317 patent by letter dated February 7,

2013, and also stated "[t]his is not an assertion of patent infringement." Flotek denies the remaining allegations of paragraph 11.

12. Denied.

## COUNT 2

## INFRINGEMENT OF U.S. PATENT NO. 6,431,294

13. Flotek admits that, on its face, U.S. Patent No. 6,431,294 ("the '294 patent") is titled "Percussive Tool" and that, on its face, the '294 patent states that it was issued on August 13, 2002. Flotek is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13, and therefore denies them.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Flotek admits that NOV identified the '294 patent by letter dated February 7, 2013, and also stated "[t]his is not an assertion of patent infringement." Flotek denies the remaining allegations of paragraph 18.

19. Denied.

## PRAYER

20. Flotek incorporates by reference its responses to paragraphs 1 through 19 above. Flotek denies that NOV is entitled to any relief whatsoever against Flotek in this action, either as prayed for in the Amended Complaint or otherwise.

21. Except as expressly admitted above, Flotek denies each and every allegation contained in the Amended Complaint.

## DEFENSES

### FIRST DEFENSE

**(Forum Non Conveniens)**

1. The Eastern District of Texas is an inconvenient forum in which to litigate this action against Flotek under 28 U.S.C. § 1404(a). Flotek reserves the right to transfer this action to a more convenient venue.

### SECOND DEFENSE

**(Failure to State a Claim)**

2. The Amended Complaint for Patent Infringement fails to state a claim on which relief can be granted against Flotek, including but not limited to the fact that NOV sued the wrong legal entity. Flotek Industries, Inc. is a passive holding company that acts through its subsidiaries. For the accused Stemulator® tool, the relevant subsidiaries are Turbeco, Inc. d/b/a Spidle Turbeco and d/b/a/ Cavo Drilling Motors and d/b/a Galleon Turbeco, a subsidiary of Flotek Industries, Inc., and Teledrift Company d/b/a Spidle Turbeco, a subsidiary of Flotek Industries, Inc.

### THIRD DEFENSE

**(Non-infringement)**

3. Flotek has not and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, any claim of the '317 or '294 patents.

### FOURTH DEFENSE

**(Invalidity)**

4. The '317 and '294 patents, including all of the claims, are invalid for failure to comply with the requirements of patentability specified in Title 35 of the United States Code, including but not limited to Sections 101, 102, 103, and 112. Specifically, one or more claims of

the '317 patent are invalid at least because they are rendered obvious under 35 U.S.C. § 103. For example, one or more claims are rendered obvious either by U.S. Patent No. 3,216,514 to Nelson, in view of U.S. Patent No. 2,780,438 to Bielstein or by Nelson in view of U.S. Patent No. 4,080,115 to Sims. Additionally, one or more of the '317 patent claims are also anticipated under 35 U.S.C. § 102, for example, by Sims. One or more claims of the '294 patent are invalid at least because they are rendered obvious under 35 U.S.C. § 103. For example, one or more claims are rendered obvious by either U.S. Patent No. 3,270,822 to Cleary or the Cleary patent in view of U.S. Patent No. 2,738,956 to Bielstein.

## FIFTH DEFENSE

### (Prosecution History Estoppel and Disavowal)

5.     Based on the proceedings before the United States Patent and Trademark Office ("PTO") during the prosecution of the application that ultimately issued as the '317 or '294 patents, NOV is precluded or otherwise estopped from asserting any construction of the claims of the '317 or '294 patents that is inconsistent with its or its predecessor(s)-in-interest's representations before the PTO. This includes, but is not limited to, representations made in amendment of the '317 patent claim 21 and its dependent claims over prior art, specifically that a varying flow is achieved by varying the open area of an axial port, while maintaining alignment of the valve plates. ('317 FH Aug. 20, 2001 Second Preliminary Amendment.) This further includes, but is not limited to, representations made in amendment of the '294 patent over prior art, specifically that the rotary valve be "located in the body" or "mounted to the body." ('294 FH Jan. 9, 2002 Response to 8/9/01 OA.) On information and belief, NOV is estopped from asserting any construction of the claims sufficiently broad to cover any accused product.

## SIXTH DEFENSE

### (Unavailability of Injunctive Relief)

8.  NOV is not entitled to injunctive relief or any other equitable relief because any alleged injury to NOV is not irreparable and because—had NOV been injured—it would have an adequate remedy at law.

### SEVENTH DEFENSE

### (Failure to Join a Party)

9.  The Amended Complaint for Patent Infringement claims infringement against the wrong legal entity. Flotek Industries, Inc. is a passive holding company that acts through its subsidiaries. For the accused Stemulator® tool, the relevant subsidiaries are Turbeco, Inc. d/b/a Spidle Turbeco and d/b/a Cavo Drilling Motors and d/b/a Galleon Turbeco, a subsidiary of Flotek Industries, Inc., and Teledrift Company d/b/a Spidle Turbeco, a subsidiary of Flotek Industries, Inc.

### FLOTEK'S PRAYER FOR RELIEF

Flotek prays for relief as follows:

A.  That the Court enter judgment in favor of Flotek, and against NOV;

B.  That the Court find the '317 and '294 patents not infringed by Flotek;

C.  That the Court find the '317 and '294 patents invalid;

D.  That the Court find the '317 and '294 patents and all patents and patent applications based on and deriving from those patents or their applications unenforceable;

E.  That NOV take nothing by its Amended Complaint against Flotek;

F.  That the Court find this action exceptional under 35 U.S.C. § 285, and award Flotek its costs and fees in this action, including reasonable attorneys' fees;

G.  That the Court grant Flotek such other and further relief as it deems just and

proper.

## **DEMAND FOR JURY TRIAL**

    Flotek demands a trial by jury on all issues so triable.

Dated:  March 25, 2015    Respectfully submitted,

    */s/ Orion Armon*

Orion Armon (CO Bar No. 34923)
*oarmon@cooley.com*
COOLEY LLP
380 Interlocken Crescent, Ste. 900
Broomfield, CO  80021-8023
Telephone:     (720) 566-4000
Facsimile:     (720) 566-4099

*Attorney for Defendant Flotek Industries, Inc.*

8.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing via email, facsimile and/or U.S. First Class Mail on this 25th day of March, 2015.

                                           */s/ Orion Armon*

115221720 v6